## EASTMAN *v.* EASTMAN & MANDERVILLE CO.

*(City Court of New York, General Term.* May 28, 1888.)

PRINCIPAL AND AGENT—DESTRUCTION OF BUSINESS BY FIRE—RIGHT OF AGENT TO SALARY.

Where plaintiff was hired as superintendent of defendant's oil works under an unqualified contract for a year, the fact that the works were partially destroyed by fire during the year is no defense to an action by plaintiff for the balance of his salary for the year, where he was not prevented by any fault of his own from performing his work, but, on the contrary, having offered his services, which were refused.

Appeal from trial term.

This action was brought to recover for salary of the plaintiff, under an alleged agreement of hiring of plaintiff as assistant superintendent of defendant of its oil refinery at Brooklyn, N. Y., made by the plaintiff with J. C. Eastman, the superintendent of the defendant, for a period of one year from June 6, 1887, at the salary of $1,200 per annum, payable monthly. Plaintiff rendered services under such agreement until November 3, 1887. On October 2d a fire occurred on defendant's premises, consisting of "three or four buildings," which "burned up about half the works." On November 3d plaintiff was discharged by the defendant, having been paid his salary up to October 1st. The ground stated for plaintiff's discharge was "that the place in which the plaintiff was employed to work was entirely destroyed by fire at. the time, and the services of the plaintiff were no longer needed, and he could. no longer be employed." Upon the trial a stipulation was entered into "that. no question is to be raised by defendant, except under its exceptions taken. on the trial to rulings and charges of the court, or refusals to charge, in respect to the fire which occurred in defendant's refinery."

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

McGOWN, J. Under above stipulation, the only exceptions to the ruling of the presiding justice, and to refusals to charge, to be considered, are those contained in folios 35, 43, and 46. The uncontradicted testimony of the plaintiff, corroborated by the testimony of the defendant's witness J. Cleve Eastman, shows that the plaintiff was employed by the defendant for one year from June 6, 1887, at $1,200 per annum. This was a question of fact for the jury to pass upon, and was fully and fairly submitted to the jury, who passed upon the same in favor of the plaintiff. The agreement of hiring was expressed and unqualified; and no provision was contained therein that such agreement should terminate, or that defendant's liability thereunder should cease, on the occurrence of a fire; and no such defense was set up in the answer. It does not appear how or in what manner the fire was occasioned; and, even had it appeared that the fire occurred by "the act of God," the

agreement of hiring was expressed and unqualified, and contained no provisions for the contingency of fire; and the destruction or damaging of defendant's refinery by fire was no defense to the payment of plaintiff's salary. The defendant, under the contract of employment of plaintiff, was entitled to plaintiff's services for the entire period of his engagement, at any place defendant might select, within reasonable bounds; and plaintiff is entitled to be paid in accordance with the agreement, it not appearing that plaintiff was prevented rendering the services for which he was employed by any fault, neglect, or act on his part, or that he refused to render such services; on the contrary, the plaintiff, as it appears, was ready and willing to perform the agreement on his part, and offered his services, which were refused by the defendant. The defendant made no repairs, nor did it attempt to repair the portions of the buildings destroyed, so as to continue the business, and it does not appear that such could not have been done within a reasonable time; on the contrary, it appears by plaintiff's uncontradicted evidence that "it (the buildings) could be put in shape in a very few days." I find no errors in the rulings, in the charge, or refusals to charge, of the chief justice; and the judgment appealed from must therefore be affirmed, with costs.